**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                                  Case No. 8:00-cr-126-T-30TBM

LARRY LEONARD WALDEN, JR.,

　　Defendant.
_____/

**ORDER**

　　This cause is before the Court for consideration of Defendant's "Blakely Motion for Reduction of Sentence" (Dkt. 146). The motion is premised on two recent Supreme Court holdings. *See United States v. Booker*, 543 U.S. __, 125 S.Ct. 738, 756 (Jan. 12, 2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial); *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 2537 (2004).

　　On October 3, 2000, Defendant pled guilty pursuant to a Plea Agreement (Dkt. 49) to one count of conspiracy to distribute cocaine. Defendant's judgment of conviction was entered on February 26, 2001 (Dkt. 80). A district court does not have jurisdiction to review a defendant's sentence once the sentence has become final. *See* 18 U.S.C. § 3742(a) (2004). *See United States v. Pena*, 230 F.3d 1361 (6th Cir. 2000) (finding that the district court was not authorized to consider a motion to correct the defendant's sentence under § 3742(a) because that statute merely "provides the basis for appellate review of a district court's sentencing decisions"); *United States v. Auman,* 8 F.3d 1268, 1271 (8th Cir. 1993).

This section merely permits a defendant to file a notice of appeal in the district court for review of a final sentence. Once a notice of appeal has been filed, the district court's only role is to certify the record to the court of appeals. 18 U.S.C. § 3742(d). This Court therefore lacks jurisdiction under § 3742(a) to consider the merits of Defendant's motion for review of his sentence.

Even if the Court had jurisdiction to review Defendant's sentence, it would still be precluded from granting him the relief he seeks. On June 24, 2004, the Supreme Court entered its decision in *Blakely* finding the Washington sentencing guidelines unconstitutional. 542 U.S. ___, 124 S.Ct. at 2537. On January 12, 2005, the Supreme Court extended the holding of *Blakely* to the United States Sentencing Guidelines in its decision in *Booker*, 543 U.S. ___, 125 S.Ct. at 756.

On February 17, 2005, the Eleventh Circuit entered a decision in *Varela v. United States* addressing the applicability of the Supreme Court's decision in *Blakely* to cases on collateral review, holding that:

> While neither this Court nor the Supreme Court has addressed the retroactivity of *Blakely* or *Booker* in the context of a § 2255 motion, the Supreme Court's recent decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is essentially dispositive. In *Schriro,* the Supreme Court concluded that the new requirement in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which, like *Blakely* and *Booker,* is an application of *Apprendi*'s principles, does not apply retroactively to cases on collateral review. *Schriro,* 124 S.Ct. at 2526-27.
>
> In *Ring,* the Supreme Court concluded that an Arizona law was unconstitutional under *Apprendi* because it placed in the hands of the judge the power to find any one of ten aggravating factors necessary to trigger the death penalty. The Supreme Court in *Ring* concluded that the Sixth Amendment gave a defendant the right to have a jury find such aggravating sentencing factors beyond a reasonable doubt. *Ring,* 536 U.S. at 609, 122 S.Ct. at 2443.
>
> In *Schriro,* the Supreme Court analyzed the *Ring* rule under *Teague,* and concluded that *Ring*'s jury requirement on aggravating sentencing factors was

> a new rule of criminal procedure and not a substantive rule. *Schriro,* 124 S.Ct. at 2523. The Supreme Court noted that *Ring* did not alter the range of conduct that the Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Id.* The Supreme Court then stated that "[r]ules that allocate decisionmaking authority in this fashion are *prototypical procedural rules.* ..." *Id.* (emphasis added).
>
> The Supreme Court's statements in *Schriro* regarding the *Ring* rule also apply to *Booker.* In *Booker,* a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756; *In re Anderson,* 396 F.3d 1336, at 1339 (11th Cir. 2005). Similar to the constitutional rule announced in *Ring,* the constitutional rule announced in *Booker* is a "prototypical procedural rule[]." *See Schriro,* 124 S.Ct. at 2523.
>
> A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro,* 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro,* the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal procedure," but the Court ultimately held that *Ring*'s "jury-not-judge" rule was not a "watershed rule[ ] of criminal procedure" to be applied retroactively. *Id.* at 2526. We now join the Seventh Circuit in concluding that the same is true of *Booker. McReynolds v. United States,* 397 F.3d 479, at 480 (7th Cir. 2005) (concluding that *Booker* does not apply retroactively to cases on collateral review and stating that "[a]lthough the Supreme Court did not address the retroactivity question in *Booker,* its decision in *Schriro v. Summerlin,* 542 U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is all but conclusive on the point").
>
> Therefore, as the Supreme Court concluded in *Schriro,* we conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review. *See Schriro,* 124 S.Ct. at 2526-27.

400 F.3d 864, 867-68 (11th Cir. 2005) (footnote omitted). Applying the holding in *Varela*, even if Defendant's motion were construed as a request for relief pursuant to § 2255, he simply would not be entitled to the relief he seeks.

-3-

Moreover, § 2255 provides, in pertinent part, that "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Defendant has already filed one request for relief pursuant to 28 U.S.C. § 2255. On December 12, 2002, the Court entered an order denying Defendant's § 2255 motion, finding that because his sentence did not fall within one of the exceptions to the appeal waiver, it is controlling. Thus trial counsel was not ineffective for failing to file a notice of appeal (Dkt. 143 at 2). Defendant has not demonstrated that he has requested and received permission of the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2244 and 2255.

ACCORDINGLY, the Court **ORDERS** that the Blakely Motion for Reduction of Sentence (Dkt. 146) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh